17975. ÆTNA INSURANCE CO. *v.* FORMAN, for use, etc.

The plaintiff having complied with the contract sued on, and his conduct not authorizing the jury to infer that he had released the defendant from performance, and it appearing conclusively and without dispute that the plaintiff's damage was equal to the amount sued for, the trial judge did not err in directing a verdict for the plaintiff in that amount.

ON MOTION FOR REHEARING.

The amendment to the plea filed by the defendant, which was allowed over the objection that it did not set out a legal defense, when properly construed as alleging that the plaintiff's claim had been satisfied by payment made for and in behalf of the debtor, is not supported by the evidence to the effect that the plaintiff's claim has been transferred to a third person and that the indebtedness is still unpaid and unsatisfied.

DECIDED FEBRUARY 18, 1928. REHEARING DENIED MARCH 1, 1928.

Complaint on fire policy; from city court of Americus—Judge Harper. January 13, 1927.

Application for certiorari was made to the Supreme Court.

The petition in this case is substantially copied in 35 *Ga. App.* 779 (134 S. E. 838). Paragraph 10 of the petition contains a copy of the contract sued upon, which is substantially to the effect that it was agreed between the plaintiff, Forman, and the defendant, Ætna Insurance Company, that certain land to which Forman

Fire Insurance, 26 C. J. p. 432, n. 61.

held a deed to secure a debt which had been reduced to judgment and execution should, on the first Tuesday in December, 1919, be sold by the sheriff under a levy of the execution, and that the defendant would pay to Forman the difference between the price brought by the land at the sale and the amount of Forman's execution, not exceeding the face value, $2500, of a certain fire-insurance policy which had been issued to Forman's debtor, a Mrs. Harris, upon a house upon the land, which house had been destroyed by fire. It is further alleged in the petition that upon the 29th day of November, 1919 (which was during the pendency of the advertisement of the property for sale and before the date of the sale on the first Tuesday in December, 1919, which was December 2), Forman transferred and assigned all of his interest in the land, the judgment, the execution, and the insurance policy to C. C. Griffin, and that thereby Griffin obtained all the equitable right and title of Forman in and to the contract sued on between Forman and Ætna Insurance Company; but that, as was held by this court in *Harris* v. *Ætna Insurance Co., 32 Ga. App.* 48 (123 S. E. 27), where the contract sued on was under review, the legal title thereto remained in Forman. The present suit, by Forman, for the use of Griffin, against the insurance company is based upon this latter contract.

Upon the trial there was introduced a mass of documentary evidence tending to establish the allegations of the petition, including the correspondence alleged in paragraph 10 of the petition as constituting the contract sued on. It appears in evidence that Mr. W. H. McKenzie, of the law firm of Whipple & McKenzie, the attorneys who executed and negotiated for Forman, with the agent of the Ætna Insurance Company, the contract sued on, notified Mr. Harris, of Harris & Ballenger, agents of Ætna Insurance Company in the City of Cordele at the time the cause of action sued on arose, that the sale referred to in the agreement sued on, which had been advertised to take place on the first Tuesday in December, 1919, would not take place, and that he, as attorney for Forman, had transferred the papers to C. C. Griffin, and had instructed the sheriff to call off the sale, and had sent the sheriff a check for his costs. It appears that the sale did in fact take place upon the date advertised, and that the land was bid in and bought by C. C. Griffin for $2,500, which was credited on the execution,

leaving a balance due thereon in excess of $2,500, the face value of the insurance policy. It appears that other people attended the sale and bid upon the property, but it does not appear that the defendant was not represented at the sale; nor does it appear that the defendant was, before the sale, ignorant that the sale would take place as advertised.

The trial judge directed a verdict for the plaintiff for $2,500, the full amount of the insurance policy.

*James W. Smith, Spalding, MacDougald & Sibley, H. H. Hargrett,* for plaintiff in error.

*R. L. Maynard,* contra.

STEPHENS, J. (After stating the foregoing facts.) The plaintiff Forman, through his attorneys who negotiated in his behalf the contract sued on, was under an obligation to the defendant to bring the land to a sale by the sheriff upon the first Tuesday in December, 1919. The defendant, as appears from the correspondence establishing the contract as copied in paragraph 10 of the petition, had information as to the date of the sale, and of course, could have taken the necessary steps to protect itself by making the property bring what the defendant considered it was worth. Since the sale actually took place on the date mentioned in the contract, the plaintiff, although he had notified the defendant that the sale would not take place, did not violate his obligation to bring the property to a sale. If, however, the plaintiff, prior to the date of the sale, notified the defendant that the sale would not take place, and the defendant, acting upon such information and believing that the sale would not take place, was lulled into security and had no knowledge that the sale would actually take place as advertised, or that it did take place, and had no one representing it at the sale to bid upon the property, if necessary to the defendant's interest, or to cause it to bring what it was worth, the defendant, by the act of the plaintiff, would be released from its obligation under the contract to pay to the plaintiff the insurance money or any part thereof. Although it appears that the defendant received notice from the plaintiff, through his attorneys, that the sale would not take place, the defendant was at the same time informed that "the papers" had been "transferred" to Griffin. The defendant, through its agent, knew that Mrs. Harris, and not Griffin, was the debtor; and therefore it knew that when Forman's

"papers" were "transferred" to Griffin, Mrs. Harris's debt to Forman had not been paid, but ·that Griffin was the transferee acquiring Forman's right, title and interest in the execution. The defendant knew that the execution had been levied upon the land, and that the sale was advertised to take place within three days following. The defendant knew that Griffin, being the.transferee of the rights of Forman, had the·same control over the execution that Forman had prior to the transfer to Griffin. The defendant knew that after Forman transferred the execution to Griffin, neither Forman nor his attorneys had any control over it, and that they had no authority, by instructions to the sheriff, to call off the sale. It therefore appears that the defendant, with knowledge from the plaintiff's lawyers that "the papers" of Forman had been "transferred" to Griffin, although Forman's lawyers stated that they had called off the sale, was not deceived into believing that Forman had been settled with and his debt paid, and that no sale could legally take place. This appears conclusively from the evidence.

It appears conclusively, from the evidence, that Forman did not violate the agreement sued upon, and that the legal title to recover thereon is in him, and that the equitable interest is in Griffin. The trial judge therefore did not err, under the undisputed facts as outlined above, in directing a verdict for the plaintiff in the sum of $2,500, the face value of the insurance policy.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

### ON MOTION FOR REHEARING.

STEPHENS, J. The plaintiff in error has made a motion for a rehearing, upon the ground that certain defensive matter set up by it in an amendment to its plea, the allowance of which amendment was objected to upon the ground that the amendment failed to set out a valid legal defense, has, by the allowance of the amendment over this objection, been adjudicated as a valid and legal defense, and since, as the plaintiff in error contends, the evidence without dispute supports the allegations in the amendment, the defense is established as a matter of law, and that therefore the judgment of affirmance heretofore rendered should be set aside, and the judgment of the court below should be reversed upon the ground that the evidence under the pleadings is insufficient to support the verdict found for the plaintiff.

The amendment offered by the defendant and allowed over the

plaintiff's objection, as above indicated, reads as follows: "For further plea and answer the defendant says that the plaintiff, George M. Forman, should not recover of this defendant the amount sued for or any other amount; for that the said plaintiff, George M. Forman, before the filing of his petition herein, collected and received, without liability to repay, the entire amount of its claim against the said Mrs. Harris, so that the said George M. Forman has suffered no damage by reason of any alleged breach of the contract sued upon.". This amendment, if construed as alleging that the plaintiff Forman had had his debt satisfied in full by a payment from Mrs. Harris or by some one in her behalf, set out a valid defense; but if construed as alleging that Mrs. Harris's indebtedness to Forman had not been paid or satisfied, but that Mrs. Harris's indebtedness was still unpaid, and that Forman had only transferred his right, title, and interest in the execution against Mrs. Harris to another person, it does not set out a valid defense.

Since the trial judge has held that the amendment set up a valid and legal defense, the amendment will be given that construction, if the language is permissible, which set up a defense which in fact is a legal defense, rather than given a construction which sets up matters which do not in fact constitute a legal defense. Applying this rule, therefore, to the amendment, it is construed as alleging that, Forman having "collected and received, without liability to repay, the entire amount of his claim against the said Mrs. Harris," the claim of Mrs. Harris has been paid in full and has been absolutely discharged. This construction is aided by the fact that nowhere in the amendment is any reference whatsoever made to the fact that Griffin was a transferee of Forman. The evidence clearly shows, without dispute, that the indebtedness of Mrs. Harris to Forman was not paid or discharged, but that Forman's right, title, and interest therein was transferred to Griffin, thus leaving her indebtedness still unpaid. The evidence does not support the defense alleged in the amendment to the defendant's plea, and the judgment of the trial court will not be reversed upon the ground that the defense set out in the amendment has been established as a matter of law. A rehearing therefore is denied.